# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY AUSBORN,<br>Plaintiff,<br>v.<br>CDCR ADULT PAROLE OPERATION, *et al.*,<br>Defendants. | Case No. 1:26-cv-07823-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Randy Ausborn ("Plaintiff") is a former county jail inmate[1] proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 24, 2026, together with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

[1] Plaintiff is currently housed at Napa State Hospital. (*See* ECF No. 4, Notice of Change of Address.)

physical injury."[2]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[3] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff's complaint is difficult to decipher, but he alleges false arrest and false imprisonment. In particular, he alleges that he was arrested by parole agents and was placed in the Kern County Jail for a parole violation on March 2, 2026. Plaintiff further alleges that he was assaulted by state parole officers and that an agent of CDCR's parole department assaulted him. (ECF No. 1.) Plaintiff does not allege that he was in any imminent danger of serious physical injury at the time the complaint was filed while housed in the county jail. The allegations primarily concern the actions of CDCR parole officers.

Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

---

[2] The Court takes judicial notice of the following United States District Court cases: (1) *Ausborn v. CHCF California, et al.*, No. 2:19-cv-00960-KJM-AC (E.D. Cal.) (dismissed for failure to state a claim on January 9, 2020); (2) *Ausborn v. CHCF, et al.*, No. 2:19-cv-02220-JAM-CKD (E.D. Cal.) (dismissed for failure to file an amended complaint on June 30, 2020); *see Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."); (3) *Ausborn v. CHCF, et al.*, No. 2:20-cv-00593-KJM-JDP (E.D. Cal.) (dismissed for failure to file an amended complaint on November 16, 2020); *see Harris*, 863 F.3d at 1143; and (4) *Ausborn v. Newsom, et al.*, No. 1:25-cv-01290-JLT-HBK (E.D. Cal.) (dismissed case as sanction for abuse of judicial process on January 5, 2026); *see Bayramoglu v. Cate*, No. C 13-1094 YGR (PR), 2014 WL 3704798, at *5 (N.D. Cal. July 23, 2014) (holding that dismissal of a PLRA action for a plaintiff's conduct constituting abuse of the judicial process, such a judge-shopping, qualifies as a strike); *accord Law v. Austin*, No. 2:17-cv-2060 JAM AC P, 2020 WL 373575, at *4 (E.D. Cal. Jan. 23, 2020), *adopted by* 2020 WL 5039064 (E.D. Cal. Aug. 26 2020) ("the district court's assessment that plaintiff intended to vex defendants by commencing this case supports a finding of malice under § 1915(g). Therefore, the dismissal of this case on the grounds it failed to state a claim and appeared t be maliciously filed meets the requirement for a third 'strike.'").

The Court also takes judicial notice of the following United States District Court case: *Ausborn v. CDCR Dep't of Adult Parole Operations, et al.*, No. 1:26-cv-03223-JLT-SAB (E.D. Cal.) (Doc. 11) (adopting findings and recommendations to deny Ausborn's motion to proceed *in forma pauperis* for having suffered three or more "strikes" under section 1915(g) on June 29, 2026).

[3] The Court expresses no opinion on the merits of Plaintiff's claims.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 10, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE