# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RANDY AUSBORN,

Plaintiff,

v.

CDCR ADULT PAROLE OPERATION, *et al.*,

Defendants.

Case No. 1:26-cv-07823-JLT-BAM (PC)

FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

(ECF No. 8)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Randy Ausborn, a former county jail inmate currently housed at Napa State Hospital, proceeds *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff initiated this action on September 24, 2026, and filed a first amended complaint on November 2, 2026. (ECF Nos. 1, 9.) Plaintiff's first amended complaint has not yet been screened.

Currently before the Court is Plaintiff's motion for preliminary injunction, filed October 28, 2026. (ECF No. 8.) In his motion, Plaintiff seeks a court order for the state hospital to provide him with a wheelchair, to send him to a multiple sclerosis clinic for treatment, and to give him access to the legal library. (*Id.*) Plaintiff also asks the Court to order the public defender's office to issue his discovery in his case to him. (*Id.*)

///

[1] On November 10, 2026, the Court issued findings and recommendations recommending Plaintiff's application to proceed *in forma pauperis* be denied and he be ordered to pay the filing fee in full to proceed with this action. (ECF No. 11.) The findings and recommendations are pending.

**I. Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

**II. Discussion**

Plaintiff has not met the requirements for the injunctive relief he seeks in the motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to

state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The operative complaint has not yet been screened, and this action does not yet proceed on any cognizable claims, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over defendants, any staff at the Napa State Hospital, or any staff at the public defender's office, and it cannot issue an order requiring them to take or forbid them from taking any action.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balances of equities tips in his favor, or that an injunction is in the public interest.

**III. Order and Recommendation**

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 8), be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 12, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE